**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAMES STILE,

                                           Petitioner,

        v.                                  9:20-CV-368
                                                   (GTS/ATB)

THE NDNY PROBATION,

                                           Respondent.

JAMES STILE, Petitioner, pro se
JOHN D. HOGGAN, JR., AUSA, for the Respondent

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

**REPORT-RECOMMENDATION**

This matter has been referred to me for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

Presently before this court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Petition ("Pet.")) (Dkt. No. 1).  Respondent has moved to dismiss the petition for lack of subject matter jurisdiction because it is moot. (Dkt. No. 8). Petitioner has not responded to the motion.  For the following reasons, this court agrees with the respondent and will recommend denial of the petition.

I.    **Facts**

Respondent has summarized the relevant facts of petitioner's case. (Resp. Mem. of Law 1-2) (Dkt. No. 8-1).  Most of the facts are the same as the facts stated in petitioner's papers, with the exception of some more recent additions.  Respondent has included the declaration of Michael Patnaude, a Probation Officer ("PO") in the Northern District of New York. (Dkt. No. 8-2) ("Patnaude Decl.").  PO Patnaude has reviewed the information contained in the petitioner's administrative file, maintained by

the respondent. (Patnaude Decl. ¶¶ 1-2).  The facts relevant to the respondent's motion

are undisputed, but for ease of reference, the court will cite to the Patnaude Declaration.

In May of 2015, the petitioner was convicted of robbery of a controlled substance and

sentenced to 120 months incarceration, to be followed by a 5-year term of supervised

release. (Patnaude Decl. ¶ 3).  The petitioner was deemed eligible for home detention as

of November 27, 2019. (Patnaude Decl. ¶ 4).  On March 13, 2020, petitioner was

released to the Horizon House Residential Reentry Center ("RRC") as part of his home

confinement plan. (*Id.*)  Petitioner's plan would ultimately allow him to be transferred to

his aunt's house from the RRC. (*Id.*)

On March 13, 2020, petitioner was released to his aunt's home because of a

potential COVID-19 case at the RRC.[1] (Patnaude Decl. ¶ 5).  While petitioner was at his

aunt's home, he felt ill and was tested for COVID-19, but the result was negative for the

virus. (*Id.*)  The petitioner was returned to the RRC on March 20, 2020. (*Id.*)  Petitioner

filed his application for habeas relief on April 1, 2020, requesting that the court order

that he be released from RRC and returned to his aunt's home. (Pet. *generally*).

Respondent's additional facts involve petitioner's conduct after his return to RRC

and after petitioner filed the instant application.  Respondent states that after petitioner's

return to RRC, he was given repeated warnings for misbehavior and for threatened

violence against other RRC residents. (Patnaude Decl. ¶ 6).  Because of petitioner's

conduct, he was transferred from the RRC to the Rensselaer County Jail ("RCJ") by the

---

[1] The petition contains more detail as to how petitioner claims that this occurred, who was
responsible for directing the release, and whether there was an explanation given to petitioner for
prematurely releasing him to his aunt's home. (Pet. ¶¶ 5-6).  These additional facts are not relevant to
this recommendation.

United States Marshals on May 4, 2020. (Patnaude Decl. ¶ 7).  On May 27, 2020, the petitioner was released from the RCJ to his aunt's home where he began his term of supervised release, and where he continues to reside. (Patnaude Decl. ¶ 8).

## II.   Mootness

### A.   Legal Standards

A case is moot, and the court has no jurisdiction when the "parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Federal courts are without power to decide questions that cannot affect the rights of the parties in the case before the court. *Bragger v. Trinity Capitol Enter. Corp.*, 30 F.3d 14, 16 (2d Cir. 1994).  The plaintiff or petitioner must have a "personal stake" in the litigation. *Fox v. Board of Trustees of the State University of New York*, 42 F.3d 135, 140 (2d Cir. 1994).  A party must, at all stages of the litigation, have an "actual injury" that may be redressed by a favorable court decision. *United States v. Williams*, 475 F.3d 468, 478–79 (2d Cir. 2007).  The court has an obligation to consider whether the action is moot. *In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999).

An exception to mootness occurs when the alleged violation is "capable of repetition, yet evading review." *Id.  See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam)).  This exception only applies if the challenged action was too short in duration to be fully litigated prior to cessation of the action, and there is a reasonable expectation that the same individual would be subjected to the same action again. *Id.*

### B.   Application

Petitioner was released to his aunt's home on May 27, 2020, which was his

mandatory release date and the date on which he began serving his term of supervised

release.  Petitioner has obtained the relief that he requested in the petition and has no

further interest or personal stake in the outcome of this action.  He has no continuing

injury that could be redressed by this court's favorable decision.  Thus, this action is

moot.

There is also no exception to the mootness doctrine in this case.  He cannot show

that there is a "reasonable expectation" that he will be subjected to the same action

again.  Petitioner was claiming only that he was improperly returned to the RRC after

initially being released to his aunt's home.  Because petitioner's mandatory release date

has passed, his confinement in the RRC has ended, and he will not be returned to the

RRC.  In fact, he will not be incarcerated again unless he violates the terms of his

supervised release, something that he is legally bound to avoid. *See e.g. Leybinski v.*

*U.S. Customs & Immigration Service*, 553 F. App'x 108, 109-110 (2d Cir. 2014)

(petitioner was required by law to avoid violating the conditions of his release).

Therefore, any alleged violation is ***not*** "capable of repetition, yet evading review."  The

petition may be denied as moot.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that respondent's motion to dismiss (Dkt. No. 8) be

**GRANTED**, and that the petition be **DENIED and DISMISSED WITHOUT**

**PREJUDICE AS MOOT**.[2]

---

[2] The court does not recommend a ruling with respect to a certificate of appealability ("COA")
because such a certificate is not required in the appeal of a denial under 28 U.S.C. § 2241. *Drax v.
Reno*, 338 F.3d 98, 106 n.12 (2d Cir. 2003); *Roukis v. United States Army*, No. 10-CV-2219, 2014 WL
6238416, at *7 (S.D.N.Y. Nov. 14, 2014) (citing *Drax, supra*). *See* 28 U.S.C. § 2253(c)(1) (listing

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have

fourteen (14) days within which to file written objections to the foregoing report.  These

objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO**

**THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary*

*of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: August 5, 2020

Andrew T. Baxter
U.S. Magistrate Judge

---

appeals which require a COA). *Cf. Cespedes v. United States*, No. 01-CV-2249, 2001 WL 811929, at *1 (E.D.N.Y. June 11, 2001) (noting that the Second Circuit granted a COA in the appeal of a prior order in which a section 2241 action was treated as a motion under 28 U.S.C. § 2255, in which a COA is statutorily required).